## ATTORNEY RETAINER AND CONTINGENCY FEE AGREEMENT

**Darcy D. Williamson, Trustee for the Bankruptcy Estate of John and Stacy Graham (13-40202-7)** employs Tai J. Vokins, an Attorney at the law firm of Cornwell & Vokins (Cornwell & Vokins, d/b/a Vokins Law Office, LLC), ("Attorney") as my representative in my dispute with Dr. Kenneth A. Fisher, and various corporate entities as identified and/or Mercy Regional Health Center and other corporate entities as identified.

1. Cornwell & Vokins is an association of Vokins Law Office, LLC, and Carl Cornwell, Attorney at Law. This office includes Attorneys Carl Cornwell, Tai Vokins, and Krystal Vokins, any one of whom may work on your case at one point or another as their skills, expertise, and time availability allow. This office is not formally connected with any of the other Attorneys who have offices at 142 N Cherry Street, Olathe, Kansas 66061. You are engaging Cornwell & Vokins. We may request that staff (law clerks, paralegals, etc.) assist in performing services on your behalf.

2. You understand that we have a "paperless" law office. Any document related to your case is scanned, backed up, and destroyed when it is no longer helpful to your case. Attorney will return most originals of documents to clients when Attorney longer needs the hard copy.

3. Client hereby authorizes Attorney to attempt to negotiate a compromise subject to client's approval, to fully investigate, prepare, and negotiate a compromise or prosecute a case including such legal action as may be advisable in the Attorney's judgment.

4. All cases are taken subject to investigation and confirmation of the facts and damages. If investigation, i.e., a visit to the scene, medical records, interviews with physicians, etc., do not confirm or suggest that the client has a meritorious case, the client should know of that

Case 13-40202   Doc# 31-2   Filed 02/18/14   Page 1 of 4

possibility and be advised promptly. In such an event, the contract shall be terminated and the client shall only be responsible for the repayment of any costs advanced by Attorney as set forth in paragraph 7 below.

5. In consideration of the legal services to be rendered, client agrees to pay from and give Attorney a lien on all net amounts recovered for the following amounts:

   a. 33 1/3 percent (33 1/3%), net of expenses, if settlement is made prior to filing suit;

   b. 40 percent (40%), net of expenses, if suit is filed.

   Attorney will have a lien on any settlement, order of judgment or any other amounts pursuant to law.

6. Client understands that Attorney may recover Attorney fees, penalties, sanctions or exemplar damages, or even an award of the equity in your home or some other measurable economic benefit that is not necessarily a cash payment. Client agrees that the term "net amounts" includes any of the amounts, including any measurable benefit, described herein.

7. In addition to the Attorney's fees set forth above, client agrees to reimburse Attorney for any necessary court costs and other necessary costs or an expense Attorney actually advances. If said expenses are not reimbursed by client within thirty (30) days of presentment, said amount shall earn interest at a rate of eight percent (8%) per annum on the unpaid balance.

8. It is understood that the services of Attorney are provided on a contingency fee basis and that if no recovery is made, client will not be indebted for Attorney's fees. Client, however, agrees to pay any costs and expenses as set forth above, which are advanced by Attorney, subject to the ethical rules for a lawyer collecting a contingency fee in a case.

Attorney Retainer and Contingency Fee Agreement<br>
Page 2

9. It is understood that all litigation expenses, **whether paid by client or by Attorney, shall be** shall be deducted from the gross recovery in arriving at the net amount recovered for purposes of calculating the fee to be paid Attorney under the terms of paragraphs 5 and 6 of this agreement. It is further understood that any subrogation liens (such as PIP liens) shall be deducted from the gross recovery in arriving at the net amount recovered for purposes of calculating the fee to be paid Attorney under the terms of paragraph 5 of this agreement. An ERISA claim or CHAMPUS claim will be handled differently from a subrogation claim which generally allows an Attorney fee. All medical expenses that remain unpaid will remain the responsibility of client and be paid from the proceeds received by client after subtracting the Attorney's contingency fee. **Attorneys are prohibited pursuant to the Rules of Professional Conduct for Attorneys from paying case expenses unless reimbursed, even if Attorney agrees to advance these necessary costs and expenses.**

10. It is understood that client is entitled to a review of this fee contract by making application to the appropriate court having jurisdiction of this matter; that upon my application, the court will determine whether this fee contract is reasonable; and that if the court finds this contract is not reasonable it shall set and allow a reasonable fee.

11. Client agrees to keep Attorney advised as to client's current address and a telephone number at which client may be reached during normal business hours, and at all times, to cooperate in the preparation and trial of my case, and to comply with all requests made of client in preparation and trial of this case.

*DDW [initials]* *Upon approval by Darcy D. Williamson Trustee & in same instances the BR Court*

12. The Client gives Attorney the power and authority to execute any and all pleadings, claims, settlements, drafts, checks, compromises, releases, dismissals, deposits, orders, and other papers

Attorney Retainer and Contingency Fee Agreement
Page 3

Case 13-40202   Doc# 31-2   Filed 02/18/14   Page 3 of 4

that the Client could properly execute, and to receive on the Client's behalf any moneys or other things of value to which the client may be entitled because of any judgment recovered by any settlement agreed on in connection with the claims covered by the Agreement.

13. Client agrees that Attorney may withdraw at any time by giving reasonable written notice and assert a lien if client unreasonably refuses a settlement offer.

14. Upon termination of representation, Attorney will keep Client's file in storage for five (5) years before it is destroyed. Client may notify Attorney before this time and obtain any portion of or the entire file. If you would like a digital copy of your file on a CD, there will be no charge. If you would like a paper copy, we may be required to charge a copy fee.

15. The parties agree that this Agreement is governed by the laws of the State of Kansas and any *DDW ue* litigation arising out said agreement shall take place in ~~Johnson County~~ *the United States Bankruptcy Court, Topeka*, Kansas.

16. The parties agree that this Agreement constitutes the entirety of the agreements between the parties. Any agreement not expressly contained herein is not binding on the parties.

17. The parties agree that, should any provision of this Agreement be found void, the remaining provisions shall remain intact and shall be construed to give effect to as much of the original intent of the parties as possible.

*18. All fees and any settlement are subject to Bankruptcy Court Approval DDW ue*

Signed on: 2-12-14

_____
Tai J. Vokins, Esq.

I have read this agreement and agree to its contents. I have also discussed the proposed course of conduct regarding my cases and understand the risks and alternatives involved with my cases.

Darcy D. Williamson, Trustee for the Bankruptcy Estate of John and Stacy Graham (13-40202-7)

Attorney Retainer and Contingency Fee Agreement
Page 4